IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GHU Investors, LLC,** | **CASE NO. 1:21-cv-00510** |
| Plaintiff/Counter-Defendant, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Myocare Holdings, LLC,** | |
| Defendant/Counter-Claimant. | **MEMORANDUM OPINION & ORDER** |

Before the Court is Defendant/Counter-Claimant Myocare Holdings, LLC's ("Myocare") Motion for Judgment filed on June 14, 2023.  (Doc. No. 39.)  On June 21, 2023, Plaintiff/Counter-Defendant GHU Investors, LLC ("GHU") filed a Response (Doc. No. 40), to which Myocare replied on June 26, 2023.  (Doc. No. 41.)

For the following reasons, the Court GRANTS Myocare's Motion for Judgment.

**I.     Relevant Findings of Fact**

In June 2020, GHU agreed to buy from Myocare a skilled nursing facility in Cleveland, Ohio, for $10.7 million.  (Joint Ex. 1.)  To complete the sale, the parties entered into an Asset Purchase and Sale Agreement ("APSA").  (*Id*.)  Elias Coury signed the APSA as the managing member of Myocare.  (*Id*. at p. 23.)  Jeffrey Vegh, who brokered the deal (Doc. No. 38 (Trial Tr.) at p. 20), signed as an "Authorized Signatory" for GHU.  (Joint Ex. 1 at p. 23.)  In the APSA, GHU agreed to apply for and assume Myocare's U.S. Department of Housing and Urban Development ("HUD") insured mortgage loan on the facility.  (*Id*. at p. 4, § 2.1.1.)  Late in June 2020, GHU decided to also apply to refinance the HUD insured loan.  (Trial Tr. at pp. 40-41.)

Section 13.1(g) of APSA provided:

> **13.1** **Termination Events**.  By notice given prior to or at the Closing, subject to **Section 13.2** this Agreement may be terminated as follows:
>
> . . .
>
> (g)   by Seller if the Closing has not occurred (other than by reason of the failure by Seller without cause, as set forth above), on or before December 31, 2020, or such later date as the parties may mutually agree upon, except that if any delay is a result of governmental or regulatory inaction beyond Buyer's reasonable control, Buyer shall be entitled to [] an extension of the Closing in a duration equivalent to any such delay.

(Joint Ex. 1 at pp. 15-16.)  Soon after signing the APSA, GHU hired an attorney, Kathryn McGlinchey (Trial Tr. at p. 42), and began to work with Myocare's lender, HHC Finance, to assume and refinance the HUD insured loan.  (*Id*. at pp. 38-39.)  Due to HHC's delay, GHU was unable to assume and refinance the loan by December 31, 2020.  (Trial Tr. at pp. 36, 116.)  So, on February 2, 2021, Myocare sent GHU a letter terminating the APSA under section 13.1(g).  (Joint Ex. 27.)

**II.**   **Brief Procedural History**

On March 4, 2021, GHU sued Myocare for breaching the APSA.  (Doc. No. 1.)  It argued that HHC Finance's delay amounted to "governmental or regulatory inaction beyond GHU's reasonable control."  (*Id*. at ¶ 28.)  On April 21, 2021, Myocare filed an Answer and counterclaimed for breach of contract and declaratory judgment.  (Doc. No. 11.)  Myocare alleged that "GHU breached the APSA . . . by failing to make a timely application through HHC Finance to assume the mortgage loan."  (*Id*. at ¶ 43.)

On June 8, 2022, Myocare filed a Motion for Summary Judgment.  (Doc. No. 24.)  On October 4, 2022, the Court denied Myocare's Motion, concluding, in part, that "the phrase 'governmental or regulatory inaction' is ambiguous."  (Doc. No. 28 at p. 19.)

The Court held a bench trial on June 7, 2023. (Doc. No. 37.) After GHU rested its case, Myocare orally moved for a directed verdict. (Trial Tr. at p. 167.) Myocare argued that GHU "failed to prove the existence of a valid contract." (*Id*.) The Court construed Myocare's Motion as one under Federal Rule of Civil Procedure 52(c) for judgment on partial findings. (Doc. No. 37.) The Court ordered Myocare to file a written motion for judgment on partial findings by June 14, 2023. (*Id*.) GHU's Response was due on June 21, 2023. (*Id*.) And Myocare was to file its Reply by June 26, 2023. The parties timely filed their respective briefs. (Doc. Nos. 39, 40, 41.)

### III. Conclusions of Law

In its Motion, Myocare argues that there is no evidence that "Jeffrey Vegh was authorized to sign the APSA on behalf of GHU." (Doc. No. 39 at p. 6.) Therefore, it argues, there is no valid contract. (*Id*. at p. 9.) Myocare concedes that this also means its counterclaim for breach of contract fails. (*Id*. at pp. 13-14.) GHU, in its Response, "assents that there is no valid contract between the parties." (Doc. No. 40 at p. 1.)

Under Ohio law, the "[e]ssential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Bonds v. Univ. of Cincinnati Med. Ctr.*, 2019 U.S. App. LEXIS 3827 at *9 (6th Cir. Feb. 6, 2019) (quoting *Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002)).

The Court finds that Jeffrey Vegh did not have authorization to sign the APSA on behalf of GHU. Accordingly, the Court finds that there was no mutual assent and therefore the APSA is not a valid contract. And because there is no valid contract, the Court makes no findings as to the meaning of the phrase "governmental or regulatory inaction" in section 13.1(g). The Court thus enters

3

judgment for Myocare on GHU's claims in its Complaint. (Doc. No. 1.) As Myocare's counterclaims also depend on the existence of a valid contract, the Court also enters judgment for GHU on Myocare's counterclaims. (Doc. No. 11.)

IV. **Deposition Expenses and Attorney's Fees**

In its Reply, Myocare "request[s] this Court retain jurisdiction of this matter and not permit the release of the earnest funds from the escrow account until GHU remits payment to Myocare for costs and fees related to the failure of Ilan Richland to attend his noticed deposition." (Doc. No. 41 at p. 5.) At the June 6, 2023, final pretrial conference, Myocare raised this issue, and GHU's counsel verbally agreed to reimburse Myocare its travel costs and eight hours of attorney's fees. Accordingly, the Court grants Myocare's request and will retain jurisdiction of the case to resolve this issue. Myocare shall file any motion to recover reasonable expenses and attorney's fees for Ilan Richland's deposition within 30 days of this Memorandum Opinion and Order.

Myocare also argues in its Reply that "[p]ursuant to § 15.2 of the APSA, the prevailing party is to be awarded attorneys' fees, costs, and expenses incurred in connection with litigation." (*Id*. at 7.) Myocare does not expressly motion for its attorney's fees under this provision. However, as the Court has found that there is no valid contract, this section of the APSA is unenforceable.

V. **Conclusion**

For the reasons set forth above, the Court GRANTS Myocare's Motion for Judgment (Doc. No. 39). The Court enters judgment in Myocare's favor on GHU's claims and judgment in GHU's favor on Myocare's counterclaims. The Court also retains jurisdiction to determine whether GHU should reimburse Myocare for the expenses and fees it incurred due to Ilan Richland's failure to attend

4

his noticed deposition. Myocare shall file any motion for such expenses and fees within 30 days of this Memorandum Opinion and Order.

    **IT IS SO ORDERED.**

Date: June 29, 2023

                                                *s/Pamela A. Barker*
                                                PAMELA A. BARKER
                                                U. S. DISTRICT JUDGE